```
IN THE UNITED STATES DISTRICT COURT FOR THE
           EASTERN DISTRICT OF OKLAHOMA

ASHLEY D. MORGAN,                )
                                 )
           Plaintiff,            )
                                 )
v.                               )   Case No. CIV-15-334-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
           Defendant.            )
```

**OPINION AND ORDER**

Plaintiff Ashley D. Morgan (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on March 20, 1984 and was 29 years old at the time of the ALJ's decision.  Claimant obtained her GED and took some college courses.  Claimant has worked in the past as an overnight stocker and cashier.  Claimant alleges an inability to work beginning February 1, 2005 due to limitations resulting from asthma, obesity, and knee and back pain.

**Procedural History**

On April 26, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On September 23, 2013, an administrative hearing was held before Administrative Law Judge ("ALJ") Bernard Porter in McAlester, Oklahoma. He issued an unfavorable decision on February 7, 2014. The Appeals Council denied review of the ALJ's decision on July 9, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to provide a proper analysis at step five; (2) failing to properly develop the record; (3) failing to perform a proper credibility determination; and (4) failing to properly consider "other source"

evidence.

## Step Five Evaluation

In his decision, the ALJ found Claimant suffered from the severe impairments of obesity, asthma, osteoarthritis of the left knee, sleep apnea, gastroesophageal reflux disease, right shoulder derangement, generalized anxiety disorder, and major depressive disorder. (Tr. 15). The ALJ determined Claimant retained the RFC to perform sedentary work. In so doing, he found Claimant was limited to carrying 10 pounds occasionally and five pounds frequently; sitting for six hours and standing or walking for six hours; pushing or pulling as much as she could lift; occasionally use foot controls and reach overhead; occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; frequently balance, crouch, and stoop; occasionally kneel; and never crawl. Claimant could not work around unprotected heights or hazardous machinery with moving parts. She could not have concentrated exposure to humidity or wetness or dust, fumes, or gases. Claimant could not work in any environments where there are temperature extremes. She was limited by the ALJ to simple, routine, repetitive tasks and simple work-related decisions. Claimant could have no more than occasional interaction with supervisors, co-workers, or the public. She would also require an option to change positions from sitting to standing and back every 30 minutes. (Tr.

18-19). After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of addresser, document preparer, and tube operator, all of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 23). As a result, the ALJ determined Claimant was not under a disability since April 26, 2012, the date the application was filed. Id.

Claimant contends the ALJ identified jobs Claimant could perform which are excluded from step five consideration due to the required reasoning level of each. As an initial matter, Claimant asserts the ALJ found she had a moderate limitation in concentration, persistence, or pace and that a limitation to simple or unskilled work is insufficient to accommodate the restriction. The ALJ found the moderate limitation in concentration, persistence, or pace in connection with his paragraph B mental impairment assessment. Claimant urges a perceived requirement that the limitations found in the paragraph B criteria must be included in the RFC and the hypothetical questioning of the vocational expert. This Court rejects this notion as it is unsupported by the regulations and the case authority in this Circuit. The social security ruling on assessing a claimant's RFC cautions that "[t]he adjudicator must remember that the limitations identified in the 'paragraph B' ... criteria are not an RFC assessment but are used

6

to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." Soc. Sec. R. 96-8p. The Tenth Circuit has specifically found that the failure to include a moderate limitation in social functioning, for example, in the RFC based solely upon the finding at step three is not error. Beasley v. Colvin, 520 Fed. Appx. 748, 754 (10th Cir. 2013). As a result, the ALJ's RFC is not deficient for failing to include the moderate limitation in concentration, persistence, or pace.

The job of document preparer identified by the vocational expert has a reasoning level of R3. *Dictionary of Occupational Titles* ("DOT"), #249.587-018. Level-three reasoning requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." See DOT app. C, Components of the Definition Trailer, 1991 WL 688702. The Tenth Circuit has stated that a level-three reasoning requirement "seems inconsistent" with an RFC limited to simple and routine tasks. Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005); see also Pritchett v. Astrue, 220 Fed.Appx. 790, 793 (10th Cir. 2007) (finding that an RFC limiting a claimant to simple, repetitive, and routine tasks appeared inconsistent with jobs requiring a reasoning level of three and remanding the case to allow the ALJ to address the

7

apparent conflict); Garcia v. Barnhart, 188 Fed.Appx. 760, 767 (10th Cir. 2006) (identifying a conflict between level-three reasoning and a limitation to routine, repetitive, and simple tasks). No explanation for this deviation from the DOT was provided by the ALJ.

The remaining two jobs identified by the ALJ of tube operator (DOT #239.687-014) and addresser (DOT #209.587-010) require a reasoning level R2. Jobs at this reasoning level require a claimant to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT, App. C, supra. This requirement would also appear to run counter to the restriction in the RFC to "simple, routine, repetitive tasks and simple work related decisions." On remand, the ALJ shall explain the deviation from the DOT with regard to the mental demands of the three jobs identified by the vocational expert.

**Duty to Develop the Record**

Claimant asserts that the ALJ should have ordered a full battery of pulmonary function testing because the testing that was performed was incomplete. A pulmonary function study was performed in May of 2012. (Tr. 299). Dr. Penny Aber, a state agency physician, reviewed the results and determined they were "good." (Tr. 92). Claimant misreads the ALJ's statement that "[t]here were no recorded findings of a forced expiratory volume

8

(FEV) equal or less than the listing level" as meaning the ALJ found there were no recorded FEV findings at all. (Tr. 16); *see*, Claimant's Brief at p. 4. Claimant argues, however, that the test was incomplete because there was no post-bronchodilator testing. As Defendant indicates, the testing was not required to be repeated after the administration of a bronchodilator because the pre-bronchodilator FEV was greater than 70 percent of the predicted normal value. § 3.00E, 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ did not fail in his duty to develop the record in this regard.

### Credibility Determination

The ALJ found Claimant was not "entirely credible." (Tr. 19). He based this conclusion on the inconsistencies between Claimant's stated restrictions and her stated activities. (Tr. 21). She reported that she prepared meals on a daily basis, performed household chores, drove a car, shopped, handled her finances, enjoyed crafts, singing, going to church, socializing with friends, using the computer, watching television, and watching movies. (Tr. 199-201). She also home schooled her children and went out to eat and went to the movies. (Tr. 34, 45-46). Her disclosure of activities conflicted with her testimony that her husband did most of the work around the house. (Tr. 42-43, 47).

Moreover, the ALJ cited to the medical record and the successful treatment of Claimant's various conditions. (Tr. 19-

9

20).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give

10

reasons for the determination based upon specific evidence. <u>Kepler</u>, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." <u>Qualls v. Apfel</u>, 206 F.3d 1368, 1372 (10th Cir. 2000). This Court finds that the ALJ's findings on credibility are affirmatively linked to the objective record and is supported by substantial evidence.

### Consideration of "Other Source" Evidence

Claimant contends the ALJ improperly discounted the third party disability report of Claimant's husband, Jeremy Morgan. The ALJ considered the report and found it to be generally supportive of Claimant's allegations. He questioned, however, the accuracy of the medical aspects of the report because Mr. Morgan is not medically trained. The ALJ also questioned the impartiality of the witness and the inconsistency of his report with the medical evidence. (Tr. 21). Mr. Morgan is considered an "other source" under 20 C.F.R. § 404.1513(d) to indicate the severity of any impairment. The ALJ, however, was within his province to reject the credibility of Mr. Morgan's statements as they pertain to the degree of severity of Claimant's conditions.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not

11

applied.  Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 8th day of September, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE